# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:14-cv-00035-MR-DLH

| | |
|---|---|
| DEBORAH A. HYATT, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) **MEMORANDUM OF** |
| | ) **DECISION AND ORDER** |
| PRUDENTIAL INSURANCE CO. | ) |
| OF AMERICA, THERMO FISHER | ) |
| SCIENTIFIC, Inc. HEALTH AND | ) |
| WELFARE PLAN, and THERMO | ) |
| FISHER SCIENTIFIC, Inc., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss the Plaintiff's Complaint. [Doc. 3]. The Plaintiff has filed a Response to such motion [Doc. 6], and the Defendant has replied [Doc. 7].

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff Deborah A. Hyatt brings this action against Prudential Insurance Company of America ("Prudential") and Thermo Fisher Scientific, Inc. Health and Welfare Plan ("Health and Welfare Plan") and Thermo Fisher Scientific, Inc. ("Thermo Fisher") (collectively, "Defendants") pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). [Doc. 1]. In her Complaint, the Plaintiff

alleges that at all relevant times she was employed by Thermo Fisher and was a participant in Thermo Fisher's short term disability ("STD") and long-term disability ("LTD") plans, both of which were administered by Prudential. [Id.]. The Plaintiff further alleges that the Defendants failed to pay all disability benefits owed to her under the terms of the STD and LTD plans. [Id.].

The Plaintiff alleges that she became disabled on March 16, 2010. [Doc. 1 at 3]. She was approved for her STD Plan eligibility through April 20, 2010. [Doc. 1 at 4]. On June 21, 2010, however, she was denied both her STD eligibility and her LTD eligibility after May 25, 2010. [Id. at 4]. The Plaintiff appealed this denial on July 10, 2010, but such appeal was denied on August 9, 2010. [Doc. 1 at 4-5]. She filed a second level appeal on September 1, 2010, but Prudential denied this appeal on February 2, 2011. [Doc. 6 at 3]. On November 29, 2011, the Plaintiff was approved for disability benefits through the Social Security Administration. [Doc. 1 at 6]. The Plaintiff's Prudential long-term coverage plan ("LTD plan") includes the following information regarding the timing of claims for long-term disability ("LTD") coverage:

When Do You Notify Prudential of a Claim?

> We encourage you to notify us of your claim as soon as possible, so that a claim decision can be made in a timely manner. Written notice of a claim should be sent within 30 days after the date your disability begins. However, you must send Prudential written proof of your claim no later than 90 days after your elimination period ends. If it is not possible to give proof within 90 days, it must be given no later than 1 year after the time proof is otherwise required except in the absence of legal capacity.
>
> What Are the Time Limits for Legal Proceedings?
>
> You can start legal action regarding your claim 60 days after proof of claim has been given and up to 3 years from the time proof of claim is required, unless otherwise provided under federal law.

[Doc. 4-1 at 34, 36]. Further, the Plaintiff's Prudential short-term coverage plan ("STD plan") includes the following information regarding the timing of claims for short-term disability ("STD") coverage:

> When Do You Submit a Claim?
>
> You are encouraged to submit your claim as soon as possible, so that a claim decision can be made in a timely manner. Notice of a claim should be sent within 30 days after the date your disability begins. However, you must send written proof of your claim no later than 90 days after your elimination period ends. If it is not possible to give proof within 90 days, it must be given no later than 1 year after the time proof is otherwise required except in the absence of legal capacity.

[Doc. 4-2 at 16].

The Defendants have now moved to dismiss the Plaintiff's claims as untimely. [Doc. 3]. For the reasons that follow, the Defendants' motion to dismiss will be granted.

II. **DISCUSSION**

**A. Long-Term Disability Claim**

The Defendants have moved to dismiss the Plaintiff's claim for LTD benefits, arguing that it is barred by the three-year limitation period set out in the plan. [Doc. 4 at 5]. A contractual limitations period for filing suit under ERISA is enforceable if it is reasonable, even if it commences when proof of loss is due. See Heimeshoff v. Hartford Life & Accident Ins. Co., 134 S. Ct. 604, 610 (2013). Thus, a reasonable contractual limitations period for a suit under ERISA may start to run even during a period when the claimant must still be pursuing administrative remedies prior to filing suit. Id., 134 S. Ct. at 610.

Here, the parties contracted for a three-year limitations period for filing suit under ERISA with regard to long-term disability. [Doc. 4-1 at 36]. This three-year limitations provision was reasonable. See Heimeshoff, 134 S. Ct. at 614 (holding that a three-year contractual limitations period for filing suit under ERISA was reasonable). The parties' LTD plan requires a

4

claimant to give notice of a claim within 30 days after the date of disability and written proof of a claim no later than 90 days after the end of the claimant's elimination period. [Doc. 4-1 at 34]. The elimination period for the LTD plan is 180 days. [Doc. 4-1 at 17]. The LTD plan provides an exception to allow written proof of claim up to 1 year after the 90 day period only *"[i]f it not possible to give proof within 90 days"* or "in the absence of legal capacity." [Doc. 4-1 at 34] (emphasis added). Further, a claimant can commence legal action regarding a claim "60 days after proof of claim has been given and up to 3 years from the time it is required, unless otherwise provided under federal law." [Id. at 36].

The Plaintiff asserts that the 3-year limitations period did not begin to run until the expiration of the 1-year term following the deadline for the proof of claim. The Plaintiff argues that this result is dictated by the plan language. The Plaintiff, however, fails to account for all of the language in the sentence to which she refers. It reads "[i]f it is not possible to give proof within 90 days, it must be given no later than 1 year after the time proof is otherwise required except in the absence of legal capacity." [Doc. 4-1 at 34].

Here, the Plaintiff gave her proof of claim before the initial 90 day provision had expired. [Doc. 1].[1] The additional 1 year provision of the LTD plan did not apply to her since *it was possible* for her to provide proof of her claim within 90 days. It was obviously *possible* because she did, in fact, file the proof of claim within that 90 day period. Thus, the three year contractual limitations period applicable to the Plaintiff's filing suit for LTD benefits under ERISA commenced to run at the end of that 90 days. The last day of the 90 day period for the Plaintiff to offer proof of claim for LTD benefits was December 11, 2010. Thus, the three-year contractual limitations period for the Plaintiff to file suit under ERISA for LTD benefits expired on December 11, 2013. The Plaintiff filed this suit under ERISA for LTD benefits on February 11, 2014. [Doc. 1]. Therefore, the Plaintiff is barred by the contractual limitations period from claiming LTD benefits in this case.

**B. Short-Term Disability Claim**

The Defendants have additionally moved to dismiss the Plaintiff's claim for STD benefits, arguing that the Plaintiff failed to bring her action for

---

[1] The Plaintiff alleged that she became disabled on March 16, 2010 [Doc. 1 at ¶ 15] and she also alleged that Prudential denied her claims on June 21, 2010 [Doc. 1 at ¶ 19]. Thus, the Plaintiff had submitted her written proof of claim to Prudential well before the expiration of the 90 day period.

STD benefits under ERISA within the three year statute of limitations for a breach of contract action. There is no particular statute of limitations for a cause of action under ERISA. See 29 U.S.C. § 1132(a)(1)(B)(2000). The Court "must look to the most analogous state statute of limitations." See Mirabile v. Life Ins. Co. of North America, 293 F. App'x 213, 215 (4th Cir. 2008). Thus, the Court applies North Carolina's three year breach of contract statute of limitations to the STD benefits claim in this case. A claimant for benefits under ERISA "must both pursue and exhaust plan remedies before gaining access to the federal courts." Gayle v. United Parcel Serv., 401 F. 3d 222, 225 (4th Cir. 2005). Further, "[t]he statute of limitations thus does not ordinarily begin to run until the statutorily mandated internal appeals process is exhausted." Singleton v. Temp. Disability Benefits Plan for Salaried Employees of Champion Int'l Corp. No. 505, 183 F. App'x 293, 295 n.2 (4th Cir. 2006) (citations omitted).

Here, the STD plan requires a claimant to send written proof of a claim within 90 days after the elimination period ends, unless it is impossible to give proof within 90 days. [Doc. 4-2 at 16]. "*If it is not possible to give proof within 90 days*, it must be given no later than 1 year after the time proof is otherwise required except in the absence of legal

capacity." [Id.] (emphasis added). The elimination period for the STD plan is 7 days. [Doc. 4-2 at 3].

The three year statutory limitations period for a breach of contract action applies to the Plaintiff's suit for STD benefits under ERISA. As noted previously, the Plaintiff provided proof of her claim within the 90 day period. [Doc. 1]. She appealed her first denial of benefits on July 10, 2010, and then filed a second appeal on September 1, 2010. [Doc. 1 at 4-5]. Her second appeal was denied on February 2, 2011. [Doc. 6 at 3]. Thus, the three year statute of limitations for the Plaintiff's STD benefits claim expired on February 2, 2014, three years after the Plaintiff had exhausted her administrative remedies. The Plaintiff did not file this suit, however, until February 11, 2014. [Doc. 1]. Thus, the Plaintiff is barred by the statutory limitations period from filing suit to obtain STD benefits in this case.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion to Dismiss Plaintiff's Complaint [Doc. 3] is **GRANTED**, and this action is **DISMISSED**.

**IT IS SO ORDERED.**

Signed: October 31, 2014

Martin Reidinger
United States District Judge